IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVIN K. BILLINGTON, Inmate #96514,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**DONALD LOWERY, STEPHANIE** )<br>**PALMER, JAMI LINN SCHUMAKER,** )<br>**RICK ABELL, CHARLES W. HICKS, and** )<br>**FREDDRICK TURNER, JR.,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 05-788-MJR** |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Huerfano County Correctional Center in Walsenburg, Colorado, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In this action, Plaintiff challenges the constitutionality of his 1990 Illinois state conviction for sexual assault. He names as defendants the Illinois judge who presided over his trial, the Illinois State's Attorney who prosecuted the case, his defense counsel, the Sheriff of Pope County, Illinois, the victim, and a witness. He claims that his conviction, to which he pleaded guilty, was obtained with insufficient evidence of his guilt. Plaintiff states, in supporting documents filed subsequent to the complaint, that Colorado prison authorities (not defendants in this case) are improperly using the 1990 Illinois conviction, of which he is "innocent," to require him to participate in sex offender treatment programs. Through a number of requests for writs of mandamus and injunctive relief, Plaintiff also challenges the state of Colorado's requirement that he must register as a sex offender.

### *Illinois Conviction*

Plaintiff's claims against the trial judge, prosecutor, his counsel, the Pope County Sheriff, the victim, and a witness are barred and cannot be brought in this action.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the

> district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 488. Plaintiff may challenge his conviction in a habeas corpus action pursuant to 28 U.S.C. § 2254, but only after he has presented all of his claims to the Illinois courts. Ordinarily, this will involve raising every issue at trial or in a post-conviction motion, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. Plaintiff has not shown any indication that his Illinois criminal conviction or sentence has been reversed, expunged, invalidated, or impugned on appeal or by the grant of a writ of habeas corpus. As such, his claims against those involved in his 1990 conviction are *Heck*-barred.

Even if Plaintiff could properly proceed pursuant to 42 U.S.C. § 1983, his claims are also barred by the statute of limitations. Section 1983 provides a private remedy for protecting constitutional rights. *Albright v. Oliver*, 114 S.Ct. 807, 811 (1994). "Section 1983 'is not itself a source of substantive rights' but merely provides a 'method for vindicating federal rights elsewhere conferred.'" *Albright*, 114 S.Ct. at 811 (emphasis added) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). In a Section 1983 case, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. Therefore, Section 1983 claims arising in Illinois are governed by a two-year statute of

limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Federal law, however, governs the accrual of such claims. *Kelly*, 4 F.3d at 511.

A Section 1983 claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly*, 4 F.3d at 511. The Seventh Circuit has held that an action under Section 1983 based on the Fourth Amendment accrues at the time of the arrest and search. *Giesen*, 956 F.2d at 740 (*citing Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir. 1971).

In this case, the incidents in question happened between February 11, 1989 and April 17, 1990; thus his Section 1983 action should have been filed within two years, or by April 17, 1992. However, plaintiff did not file this action until November 1, 2005, over thirteen years too late.

Therefore, since plaintiff's complaint is barred by *Heck v. Humphrey* and was not filed within the statute of limitations period, these claims do not survive review under 28 U.S.C. § 1915A.

Accordingly, these claims are **DISMISSED with prejudice**. Plaintiff should consider these claims dismissed as frivolous within the meaning of 28 U.S.C. § 1915A(b)(1). Therefore, plaintiff is **ADVISED** that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See Okoro v. Bohman,* 164 F.3d 1059, 1063 (7th Cir. 1999) ("The term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained.").

### *Requests for Injunctive Relief*

In documents filed subsequent to the complaint, Plaintiff seeks writs of mandamus (Docs. 8, 11, and 15) and injunctive relief (Doc. 11), to compel the Colorado Department of Corrections to cease using the above-noted Illinois conviction to require him to, *inter alia*, participate in

programs, register as a sex offender in the state, and deny him privileges.

This Court has no jurisdiction over the effects of the laws of Colorado on the Plaintiff. If Plaintiff wishes to challenge the effects of the Colorado law upon him, he should do so in Colorado state court. If he wishes to challenge the constitutionality of the actions or decisions of the Colorado Department of Corrections, he should do so in federal district court in Colorado, *see* 28 U.S.C. § 1391(b) (venue), and he must name as defendants those Colorado officials causing the constitutional deprivations.

These claims are **DISMISSED** from the action **without prejudice** to Plaintiff's refiling them in the proper courts.

All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 2nd day of May, 2006.**

s/ Michael J. Reagan<br>**MICHAEL J. REAGAN**<br>**United States District Judge**